IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOMENEQUE PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-965-RAH-JTA |
| | ) (WO) |
| NANCY T. BUCKNER, Commissioner; | ) |
| individually and in her official capacity, | ) |
| and JENNIFER M. BUSH, Assistant | ) |
| Attorney General; individually and in her | ) |
| official capacity, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court are the motion for status of service[1] (Doc. No. 8), the motion to require notice of appearance by identified counsel (Doc. No. 9), the motion to request screening determination (Doc. No. 10), and the motion for recusal and reassignment (Doc. No. 11) filed by *pro se* Plaintiff Domeneque Perry.

Plaintiff's motion for recusal states no grounds upon which she believes one or more judges assigned to this action have cause to recuse. (Doc. No. 11.) Neither does Plaintiff clearly identify which judge she believes should recuse. (*Id*.) In fact, Plaintiff acknowledges that she has no "inten[t] to suggest misconduct, bias, or impropriety by any judicial officer." (*Id.* at 1.) Moreover, Plaintiff did not provide an affidavit with her motion

---

[1] The motion for status of service was a letter to the presiding United States District Judge, which the Clerk of Court docketed as a motion.

or a certificate of good faith. Hence, the motion is due to be denied. *See* Fed. R. Civ. P. 7(b) (providing that motions "state with particularity the grounds for seeking the order"); 28 U.S.C. § 144 (providing for recusal when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," and setting forth specific requirements for the contents of a "sufficient affidavit" and a requirement that the affidavit be accompanied by a certificate of good faith); 28 U.S.C. § 555 (providing for circumstances under which a judge should *sua sponte* recuse herself).[2]

Plaintiff is ADVISED that, pursuant to the December 12, 2025 Order (Doc. No. 4 at 6), service remains deferred pending review of Plaintiff's amended complaint under 28 U.S.C. § 1915(e).[3] Upon completion of review, an order or recommendation will issue.

Accordingly, upon consideration of the motions, and for good cause, it is ORDERED as follows:

1. The motion for status of service (Doc. No. 8) is GRANTED to the extent provided in this order.

---

[2] In accordance with the undersigned's § 555 obligations, the undersigned reviews all actions (including this one) for real or apparent conflicts at the earliest opportunity and continuously throughout the case. There are no apparent grounds for recusal from this action.

[3] Plaintiff is further ADVISED that efficient review of the case is hindered when the court must divert resources to address frivolous motions, such as motions that do not set forth grounds for relief or multiple motions seeking essentially the same relief.

2. Plaintiff's motion to require notice of appearance by identified counsel (Doc. No. 9) is DENIED.

3. Plaintiff's motion to request screening determination (Doc. No. 10) is DENIED as moot.

4. Plaintiff's motion for recusal and reassignment (Doc. No. 11) is DENIED.[4]

**Further, Plaintiff is ADVISED that this court does not consider *ex parte* communications and does not accept letter briefs.** *Ex parte* email communications are deleted, not read. Letters requesting judicial action addressed to judges, the Clerk of Court, or court staff may be returned undocketed. <u>All requests for court action, including requests for status updates, must be made in the form of a motion</u>, must be in writing unless made orally during a hearing or trial, and must state with particularity the legal and factual grounds for seeking court action and the relief sought. *See* Fed. R. Civ. P. 7(b). Written motions must be properly captioned, signed by the filing party, filed in the case, and served on all other parties in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5; Fed. R. Civ. P. 7(b); Fed. R. Civ. P. 10(a) (as incorporated by Fed. R. Civ. P. 7(b)(2) to apply to written motions); Fed. R. Civ. P. 11(a). **Failure to comply with these directives may result in imposition of sanctions, including monetary sanctions or a recommendation of dismissal with or without prejudice.**

---

[4] This order does not prevent the presiding United States District Judge from construing Plaintiff's motion as requesting his recusal or from ruling on any such construed motion.

The Clerk of Court is DIRECTED to serve Plaintiff with this order by regular mail and certified mail, return receipt requested.

DONE this 19th day of February, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE