IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DOMENEQUE PERRY,            )
                                    )
     Plaintiff,              )
                                    )
v.                               )   CASE NO. 2:25-cv-965-RAH-JTA
                               )   (WO)
NANCY T. BUCKNER, Commissioner; )
individually and in her official capacity, )
and JENNIFER M. BUSH, Assistant )
Attorney General; individually and in her )
official capacity,                )
                                    )
     Defendant.          )

## **ORDER**

In an order entered December 12, 2025, the court advised Plaintiff of her responsibilities as a *pro se* litigant, including that she "**must comply with . . . this court's orders . . . , <u>just as any other litigant must do</u>, or face sanctions, which could include monetary sanctions or dismissal of this case with or without prejudice**." (Doc. No. 4 at 3 (emphasis in original).) On February 19, 2026, the court entered an order that included the following instructions to Plaintiff:[1]

> **[P]laintiff is ADVISED that this court does not consider *ex parte* communications and does not accept letter briefs.** *Ex parte* email communications are deleted, not read. Letters requesting judicial action addressed to judges, the Clerk of Court, or court staff may be returned undocketed. <u>All requests for court action, including requests for status updates, must be made in the form of a motion</u>, must be in writing unless

---

[1] Plaintiff had previously attempted to communicate to the court via a letter to the presiding United States District Judge and by email to the address used by the undersigned for limited matters that do not include *ex parte* communication nor court filings.

made orally during a hearing or trial, and must state with particularity the legal and factual grounds for seeking court action and the relief sought. *See* Fed. R. Civ. P. 7(b). Written motions must be properly captioned, signed by the filing party, filed in the case, and served on all other parties in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5; Fed. R. Civ. P. 7(b); Fed. R. Civ. P. 10(a) (as incorporated by Fed. R. Civ. P. 7(b)(2) to apply to written motions); Fed. R. Civ. P. 11(a). **Failure to comply with these directives may result in imposition of sanctions, including monetary sanctions or a recommendation of dismissal with or without prejudice.**

(Doc. No. 12 at 3 (emphasis in original).)

The court directed the Clerk of Court to serve Plaintiff with the February 19, 2026 order by regular mail and certified mail, return receipt requested. On February 22, 2026, in violation of the above directives, Plaintiff emailed the court *ex parte* in violation of the February 19, 2026 order. Plaintiff's email was addressed to the undersigned and copied to the presiding United States District Judge, among others. It is apparent that Plaintiff received and read the February 19, 2026 order prior to sending her February 22, 2026 *ex parte* email because she misquotes the February 19, 2026 order in her email.[2]

Solely to document Plaintiff's violation of the February 19, 2026 order and to preserve the record, a copy of Plaintiff's February 22, 2026 email is attached to this order as Exhibit A. The undersigned will neither consider nor act on the contents of that email.

---

[2] In her email, Plaintiff provides a fabricated quote that consists of verbatim language from footnote 3 of the February 19, 2026 order, but also misrepresents that footnote 3 contains additional language threatening sanctions. Footnote 3 does not mention the prospect of sanctions. (*See* Doc. No. 12 at 2 n.3.)  The court will not entertain the substance of Plaintiff's email, which is an *ex parte* communication. Nevertheless, **Plaintiff is WARNED that fabricated quotations and other misrepresentations in motions or other documents filed with the court—or in oral statements in court proceedings—<u>will</u> result in sanctions, which could include monetary sanctions or dismissal of this action with or without prejudice.** (*See* Fed. R. Civ. P. 11(b), (c) (which explicitly applies to unrepresented parties).

Plaintiff is again **ADVISED** that this court does not accept *ex parte* motions, notices, or any other correspondence. <u>All</u> motions or notices seeking judicial consideration <u>must</u> be filed in the court record, as explained in more detail in the February 19, 2026 order. <u>Plaintiff shall cease attempting to communicate with any judge of this court by email</u>.

Plaintiff is expressly **WARNED** that <u>any</u> further *ex parte* communications in violation of the February 19, 2026 order and this order <u>will</u> result in sanctions, which may include monetary sanctions or a recommendation of dismissal of this action with or without prejudice.

DONE this 2nd day of March, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

| | |
|---|---|
| **From:** | Domeneque Perry |
| **To:** | ALMDdb_PropOrd_Adams |
| **Cc:** | ALMDdb_HuffakerChambers; Domeneque Perry; ALMDdb_Court_Mail |
| **Subject:** | Perry v. Buckner et al., Civil Action No. 2:25-cv-00965-RAH-JTA |
| **Date:** | Sunday, February 22, 2026 12:43:20 PM |

**CAUTION - EXTERNAL:**

Honorable Magistrate Judge Adams,

Please be advised that I recently submitted correspondence through the White House Administration Contact form regarding language contained in the Court's Memorandum Opinion and Order entered in the above-referenced matter. The purpose of that submission was solely to document and preserve the procedural history and my concerns regarding the advisory language included in the Order.

For clarity, the language referenced was as follows:

"Plaintiff is further ADVISED that efficient review of the case is hindered when the court must divert resources to address frivolous motions, such as motions that do not set forth grounds for relief or multiple motions seeking essentially the same relief. Continued filing of such motions may result in the imposition of sanctions."

I respectfully and humbly state that my motions were submitted in good faith and were not intended to be frivolous. My filings were based upon my understanding of the procedural posture of the case, my financial hardship, and my belief that service of process would allow the matter to progress toward potential resolution. I respectfully request that no sanctions be imposed, as my submissions were made with sincere intent and are true and correct to the best of my knowledge.

Additionally, I wish to advise the Court that a more direct and clarified motion titled:

MOTION REQUESTING DISTRICT JUDGE R. AUSTIN HUFFAKER, JR. PRESIDENCE AND EXPEDITED INITIATION OF SERVICE OF PROCESS

will be mailed tomorrow and will likely arrive Wednesday or Thursday. This filing is intended to present my request in the clearest possible form. I again respectfully state that my motions are not frivolous but arise from what I perceive to be an extended delay in procedural progression, particularly with respect to screening and service.

Friendly reminder that I'm only asking for an instruction that was entered back in mid December of once the amended complaint is submitted, it would be reviewed for service of process.

Technically, I'm only following up on on an instruction two months ago and now I'm requesting you transfer this case over to Judge Huffaker completely.

I don't see the sanction basis, but I highly request that the court assists in the movement of this case rather than a sanction against me as the Plaintiff.

If you still have any concerns about good faith or anything that I mentioned where you would

like confirmation, please let me know. The suit is against the Commissioner of DHR and an Alabama AG Attorney. I've kept Governor Kay Ivey in the loop since before I filed. She's extremely familiar with this case. For any questions, you're welcome to call Governor Kay Ivey's office and I'm sure anyone who answers will recognize my name.

Thank you and Judge Huffaker for your time and hard work on this case thus far. It's greatly appreciated.

Respectfully,

Domeneque Perry
Plaintiff, Pro Se

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.