IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOMENEQUE PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-965-RAH-JTA |
| | ) | (WO) |
| NANCY T. BUCKNER, Commissioner, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On February 19, 2026, the court advised Plaintiff that it does not accept *ex parte* email correspondence and warned her that *ex parte* communications "**may result in imposition of sanctions, including monetary sanctions or a recommendation of dismissal with or without prejudice.**" (Doc. No. 12 at 3 (emphasis in original).) On February 22, 2026, Plaintiff violated the prohibition on *ex parte* email communications. (*See* Doc. No. 22 at 5–6.) On March 2, 2026, the court again warned Plaintiff against *ex parte* correspondence and ordered her to cease attempting to communicate with any judge of this court by email. (Doc. No. 22.) The court warned that "**any**" further violations of the prohibition on *ex parte* email communications "**will result in sanctions**." (*Id*. at 3 (emphasis in original).) On June 18, 2026, Plaintiff again violated the court's orders by copying the court on an email to Defendants and others. The court finds Plaintiff has willfully and contumaciously disregarded the court's orders and a sanction of reprimand is necessary.

Accordingly, it is ORDERED that Plaintiff is hereby FORMALLY REPRIMANDED as a sanction for her violation of the court's orders against *ex parte* communications. **Further violations <u>will</u> result in more severe sanctions, such as monetary sanctions or dismissal with prejudice without further notice.**

Solely to document Plaintiff's violation of the February 19, 2026 and March 2, 2026 orders and to preserve the record, a copy of Plaintiff's June 18, 2026 email is attached to this order as Exhibit A.

**Plaintiff is again ADVISED that this court does not accept *ex parte* motions, notices, letters, emails, or any other correspondence. <u>Plaintiff is again ORDERED to cease *ex parte* communications to any judge of this court</u>.**

DONE this 22nd day of June, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

| | |
|---|---|
| **From:** | Domeneque Perry < ▮▮▮▮▮▮▮▮ > |
| **Sent:** | Thursday, June 18, 2026 11:19 AM |
| **To:** | Nancy.Buckner▮▮▮▮▮▮▮▮; Bush, Jennifer |
| **Cc:** | liz.filmore▮▮▮▮▮▮; zach.wilson▮▮▮▮▮▮; steve.marshal▮▮▮▮▮; katherine.robertson▮▮▮▮; kathleen.baxter▮▮▮▮; patrick.jones▮▮▮▮; pam.bye▮▮▮▮▮▮▮▮; Chesnutt, Pam; taylor.nichols▮▮▮▮▮; ALMDdb_HuffakerChambers; ALMDdb_PropOrd_Adams; ALMDdb_Court_Mail; Domeneque Perry |
| **Subject:** | Perry v Buckner – The Finale is Near |
| **Attachments:** | Filed R&R.pdf |

<mark>**CAUTION - EXTERNAL:**</mark>

Nancy and Jennifer,

We are finally free from our metaphorically hostage situation that Jerusha Adams had us in. My objection to Jerusha R&R has been filed and that is the last of my filings that has been mailed from my home in Irondale, AL.

That R&R was created and mailed hours after Jerusha released her R&R so depending on the time and day, my Objection to her R&R is current enough to the moment it was mailed. Again, and that day is about an hour after her R&R was released which makes everything I said in the R&R factual at the time of mailing, if that makes sense.

Now that that is over, we can finally get back to this case and the true reason of why we are here.

There are 5 counts listed on the Amended Complaint.

If all five counts are dismissed, it has been conveyed to all parties that a notice of appeal will happen. The Defendants and I are going to try and resolve those SBOA claims before my 30 day appeal deadline runs out, aren't we Nancy and Jennifer?

If the defendants cannot come to the terms that I presented to them under the SBOA claims post dismissal, it will be then at that time, roughly 20-25 days post the final dismissal will this court receive a motion for Notice of Appeal.

Like I said... Jerusha taking six months did more harm than good. At least for the Defendants. That time allowed more eruption to happen behind the scenes which is also documented on the docket.

Whether it's a dismissal or a service of process of Huffaker's decision which is the only one that matters....

it's the not the type of decision we're waiting on anymore. It's the decision itself.

1

For example, in the event of a miracle... And Judge Huffaker actually use only the merits of the case excluding "Jerusha Smoke and Mirrors" and at least one count survives....

Well, that would make things easier now wouldn't it? Me, Nancy and Jennifer can have a nice little chat about the settlement and we submit a voluntary dismissal. No more courts, we handle the SBOA claims and everybody report to the Governor that it's handled. Absolutely possible if this case is viewed De Novo Review.

So either way it goes Nancy and Jennifer, I want you to remember....
It's the decision date. Not the actual decision that's the most important. The decision itself will only signal how hard it would be afterwards and it doesn't signal a finale. It signals a beginning for us.

In eleven days on June 29th... We'll know where our fate lies.

Good luck Nancy and Jennifer!!!

Respectfully,

Domeneque Perry

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.