IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOMENEQUE PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-00965-RAH-JTA |
| | ) | |
| NANCY T. BUCKNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is *pro se* Plaintiff Domeneque Perry's *Objections* (doc. 60) to the Magistrate Judge's *Report and Recommendation* (doc. 48), which recommends that this action be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by the applicable statute of limitations. Upon *de novo* review of the portions of the Recommendation to which Perry objects, and for the reasons set forth below, her objections are due to be overruled.

## BACKGROUND

Perry initiated this action on December 8, 2025. (Doc. 1.) After the Magistrate Judge screened the original complaint under 28 U.S.C. § 1915(e)(2)(B) and directed repleading, Perry filed an Amended Complaint on December 19, 2025, asserting five individual-capacity claims under 42 U.S.C. § 1983 against Nancy T. Buckner, Commissioner of the Alabama Department of Human Resources ("DHR"), and Jennifer M. Bush, an Alabama Assistant Attorney General assigned to DHR matters. (Doc. 5.)

According to the Amended Complaint, Perry sought child-support enforcement services from DHR in 2007 under Title IV-D of the Social Security

1

Act.[1] (Doc. 5 at 2.) Perry alleges that DHR failed to timely initiate the mandatory locate activity required by federal law—including use of the Federal Parent Locator Service ("FPLS")—and never informed her that those actions had not been performed. (*Id.*) Defendant Buckner became Commissioner in 2008, and Defendant Bush assumed her role in 2011. According to the Amended Complaint, neither individual corrected the asserted enforcement deficiency in Perry's case. (*Id.* at 2–3.) Critically, Perry alleges that "[b]eginning no later than 2012, Plaintiff undertook independent efforts to locate the non-custodial parent due to the absence of enforcement progress within her DHR case." (*Id.* at 3 ¶ 17.)

In September 2025, Perry escalated her concerns in writing to DHR and to state and federal oversight authorities. (*Id.* at 3–4.) The following month, DHR initiated FPLS activity in Perry's case for the first time and, by letter dated on or about October 24, 2025, acknowledged that it had "finally reviewed" the case "using all available resources." (*Id.* at 4.)

Perry seeks compensatory and punitive damages and a declaratory judgment that the Defendants' past conduct was unlawful. (*Id.* at 7–8.)

On June 11, 2026, Perry signed and mailed her *Motion to Submit Complementary Documentary Evidence* (doc. 53), which was received and docketed by the Court on June 15, 2026. That submission attached the September 22–24, 2025, email exchange between Perry and Defendant Bush. (Doc. 53-1.)

On June 15, 2026, but before the *Motion to Submit Complemental Documentary Evidence* was docketed, the Magistrate Judge entered her *Report and Recommendation*, concluding that Perry's § 1983 claims are barred by Alabama's

---

[1]Title IV-D of the Social Security Act, 42 U.S.C. § 651 *et seq.*, established the Federal Parent Locator Service to assist States in locating noncustodial parents and enforcing support obligations. *See* 42 U.S.C. §§ 651, 653.

two-year statute of limitations because they accrued no later than 2012. (Doc. 48.) Perry timely objected on June 18, 2026. (Doc. 60.)

## STANDARD OF REVIEW

When a party objects to a magistrate judge's recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Portions of a recommendation to which no proper objection is made are reviewed for clear error.

Section 1915(e)(2)(B)(ii) requires dismissal of an *in forma pauperis* complaint that fails to state a claim upon which relief may be granted, applying the same standard that governs a motion under Federal Rule of Civil Procedure 12(b)(6). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). The complaint of a *pro se* litigant is construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but it must still contain factual allegations that "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A district court may dismiss an action as time-barred under § 1915(e) when the untimeliness is apparent, beyond a doubt, from the face of the complaint. *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003).

## DISCUSSION

Perry's claims are brought under 42 U.S.C. § 1983, and thus are subject to Alabama's residual personal injury statute of limitations. *See City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations . . . ."); *see also Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). In Alabama, that period is two years. *See* Ala. Code § 6-2-38(l); *Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th

3

Cir. 2025). Although state law supplies the limitations period and its related tolling rules, "the accrual date of a § 1983 cause of action is a question of federal law . . . ." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). A § 1983 claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for [her] rights." *Rozar*, 85 F.3d at 561–62 (11th Cir. 1996) (citation omitted). The plaintiff need only "know or have reason to know that [she was] injured, and must be aware or should be aware of who inflicted the injury." *Id.* at 562.

Perry raises five objections to the Magistrate Judge's recommendation. They will be addressed in turn.

**A. Motion to Submit Complementary Documentary Evidence**

Perry first objects, claiming that the Magistrate Judge erred by recommending dismissal without first ruling on and considering her *Motion to Submit Complementary Documentary Evidence*, which sought to include her September 2025 email exchange with the Defendants. Although the Magistrate Judge denied the motion, the Court will consider *de novo* those communications as part of the screening record. The email communications, however, do not alter the outcome here.

The emails reflect that, on September 22, 2025, Perry demanded that DHR initiate an FPLS request, and that, on September 24, 2025, Defendant Bush responded that DHR was "requesting the non-custodial parent's SSN be verified by the IRS through the Federal Parent Locator Service." (Doc. 53-1 at 2.) That exchange is entirely consistent with—indeed, was substantively reflected in—the *Recommendation's* account of Perry's 2025 correspondence and DHR's ensuing October 2025 enforcement activity. (Doc. 48 at 4, 7–8.) Far from undermining the limitations analysis, these communications confirm it, as they evidence corrective action taken in 2025, not a fresh deprivation, and they say nothing about what Perry

4

knew or should have known in 2012, which is the operative accrual date. Because consideration of the exhibit does not change the result, any failure[2] to rule on Perry's motion before issuing the *Recommendation* or to grant the motion was harmless. The objection therefore is due to be overruled.

### B. Perry's claims accrued no later than 2012

Perry also claims the Magistrate Judge misapplied the discovery rule by treating her 2012 search efforts as the accrual date. She argues that, in 2012, she knew only of a "harmful effect" (uncollected child support) and not of the "unlawful cause" (DHR's omission of mandatory FPLS activity). (Doc. 60 at 2.) The argument is foreclosed by the allegations in her Amended Complaint.

Perry alleges that "[b]eginning no later than 2012," she "undertook independent efforts to locate the non-custodial parent *due to the absence of enforcement progress within her DHR case.*" (Doc. 5 at 3 ¶ 17) (emphasis added). That allegation establishes that, by 2012, Perry was aware both that she had been injured—DHR was not making enforcement progress in her case—and that DHR and its responsible officials were the source of that injury. *See Rozar*, 85 F.3d at 562. The discovery rule does not postpone accrual until a plaintiff identifies the precise statutory mechanism or legal theory underlying her claim; it is enough that the operative facts are apparent. Perry did not need to understand the FPLS architecture or the technical particulars of Title IV-D compliance for the limitations clock to begin—she needed only to know that her case was not being enforced and which agency bore responsibility, both of which she concedes she knew by 2012. Her asserted distinction between effect and cause therefore does not help her. By her own account, she connected the two in 2012, which is precisely why she began searching

---

[2] It can hardly be said that the Magistrate Judge erred in not ruling upon or granting the motion and attached email communications because the *Recommendation* was issued on the same day that Perry's motion was received by the Court.

on her own. Once a plaintiff is on inquiry notice, the limitations period is not suspended while she investigates the legal import of facts already in her possession. Perry's claims accrued no later than 2012 and became time-barred two years later—well before this action was filed in December 2025. The objection therefore is due to be overruled.

**C. Alabama's fraudulent-concealment saving statute and the federal discovery rule**

Perry claims the Magistrate Judge failed to apply Alabama's saving provision for fraudulent concealment, Ala. Code § 6-2-3, which federal courts borrow when they also borrow Alabama's related tolling rules, except when inconsistent with federal law. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484–86 (1980); *Wallace*, 549 U.S. at 394. Section 6-2-3 does not aid Perry for two independent reasons.

First, the saving statute requires more than a defendant's silence or failure to disclose. Absent a duty to speak, the statute contemplates an affirmative act of concealment that prevents the plaintiff from discovering her claim. *See, e.g., In re Mentor Corp. OBTape Transobturator Sling Products Liability Litigation*, No. 4:13-cv-243, 2016 WL 4446460 at *2–3 (M.D. Ga. Aug. 19, 2016) (applying Ala. Code § 6-2-3); *see also Sellers v. A.H. Robins Co.*, 715 F.2d 1559, 1561 (11th Cir. 1983) ("A plaintiff using the tolling statute must allege, or on summary judgment establish, prima facie facts which show that the defendant fraudulently prevented discovery of the wrongful act on which the action is based."). Perry alleges only that Defendants "never notified" her that her case was out of compliance. (Doc. 5 at 2–3.) Nondisclosure of that kind is not concealment.

Second, and dispositively, the saving statute is unavailable to a plaintiff who was on notice of the facts. Section 6-2-3 tolls the period only until the wrong is or reasonably should have been discovered. By Perry's own allegations in the Amended Complaint, she was sufficiently aware of the absence of enforcement to begin

6

investigating on her own by 2012. That allegation both refutes any claim that the facts were hidden from her and demonstrates that reasonable diligence would have— and did—reveal them. The federal discovery rule yields the same result for the same reasons. *See Rozar*, 85 F.3d at 562. The objection is due to be overruled.

### D. Equitable tolling does not apply

Perry claims the Magistrate Judge erred in declining to apply equitable tolling. Equitable tolling is "an extraordinary remedy which should be extended only sparingly," *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993), and is available only where the litigant establishes "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing," *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted).

The circumstance Perry identifies—that she lacked the legal authority to execute an FPLS query herself—does not satisfy the second prong because it had no bearing on her ability to file suit. Alabama's exclusive control over the FPLS may have prevented Perry from running the database search she wanted, but it did not prevent her from bringing a § 1983 action complaining that DHR had failed to enforce her case. That is the very suit she has now filed, resting on facts she possessed in 2012. Because the obstacle she describes did not stand in the way of timely filing, equitable tolling does not apply, and the Court need not reach the diligence prong. The objection is therefore due to be overruled.

### E. The continuing-violation doctrine

Finally, Perry claims the Magistrate Judge should have applied the continuing-violation doctrine, urging that each month DHR failed to perform mandatory FPLS queries it created a new constitutional deprivation.

The doctrine "permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." *McGroarty*

7

*v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020) (citation omitted). The "critical distinction . . .  is whether the plaintiff complains of the present consequence of a one[-]time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (citation modified).

Perry's allegations describe the former. The conduct that allegedly caused her injury—DHR's failure to initiate timely enforcement—was a discrete omission whose effects (continued non-collection of support) persisted over time. As in *Lovett*, where the State's failure to consider a prisoner for parole was "a one[-]time violation" with continuing effects rather than a continuing violation,  the lingering financial consequences of DHR's omission do not reset the limitations clock. *Id.* at 1183. Perry identifies no new, actionable deprivation by either Defendant within two years of filing. The only conduct within that window is DHR's *corrective* FPLS activity in 2025—action that benefited Perry and cannot be characterized as a fresh violation of her rights. *See McGinley v. Mauriello*, 682 F. App'x 868, 872 (11th Cir. 2017) (distinguishing continuing violations from "the continuing effects of a completed violation"). The doctrine does not apply, and the objection is due to be overruled.

## F. Additional Grounds for Dismissal – No Private Right of Action

Although the Magistrate Judge did not expressly address it in her *Recommendation*, the time-bar is not the only obstacle to Perry's claims. The Supreme Court has held that Title IV-D's general enforcement provisions do not confer on individual beneficiaries rights enforceable through § 1983. *See Blessing v. Freestone*, 520 U.S. 329, 343–48 (1997), *abrogated by Medina v. Planned Parenthood South Atlantic*, 606 U.S. 357, 359 (2025) (emphasizing an even higher standard for the recognition of statutorily created private rights and rejecting "any approach permitting 'anything short of an unambiguously conferred right.'") (citing

8

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002)); *see also Arrington v. Helms*, 438 F.3d 1336, 1342–45 (11th Cir. 2006) (finding that no private right of action existed under Title IV-D despite using the more liberal, now outdated, test for statutory creation of private rights of action under *Blessing*); *Clark v. Portage County, Ohio,* 281 F.3d 602, 603–05 (6th Cir. 2002); *Culliver v. Taylor,* 503 F.3d 397, 401–09 (5th Cir. 2007); *Kunkleman v. Kunkleman*, No. 3:25cv1872-TKW-HTC, 2025 WL 3198207 at *6 ) (N.D. Fla. Oct. 15, 2025). Perry's lawsuit attempts to do just that – assert through § 1983 a private right of action for the Defendants' alleged failure to implement Title IV-D's general enforcement provisions. Thus, even if not time-barred, Perry's lawsuit fails to state a claim upon which relief can be granted. That she attempts to couch her Title IV-D general enforcement provision claim under the rubric of procedural and substantive due process violations and deliberate indifference is without consequence. *See Wehunt v. Ledbetter*, 875 F.2d 1558, 1562–66 (11th Cir. 1989) (citing *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 17 (1981)); *see also Arrington*, 438 F.3d at 1342–45.

### G.    Dismissal with prejudice is appropriate

Although a *pro se* plaintiff ordinarily should be afforded at least one opportunity to amend, leave to amend need not be granted where amendment would be futile. *See United States ex rel. Smith v. Odom*, 148 F.4th 1322, 1331 (11th Cir. 2025); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014). Perry has already amended once (doc. 5), and the defect here is not a curable pleading deficiency. The untimeliness appears on the face of the Amended Complaint, beyond any doubt, and flows directly from Perry's own allegation that she was aware of the relevant facts by 2012. No additional allegation consistent with that pleading could move the accrual date, and the supplementary materials Perry has submitted confirm rather than cure the problem. Further, there is no private right of action afforded Perry for violations arising from Title IV-D's general enforcement provisions.

9

Amendment would therefore be futile, and dismissal with prejudice is warranted. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1. Plaintiff Domeneque Perry's Objections (doc. 60) are **OVERRULED**;

2. The *Report and Recommendation* (doc. 48) is **ADOPTED**;

3. Plaintiff Domeneque Perry's *Motion for Clarification and Individual Distinction of Limited Discovery Targets* (doc. 40) is **DENIED** as moot;

4. All other motions and relief sought by Plaintiff Domeneque Perry is **DENIED** as moot;

5. This action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and,

6. A separate final judgment **SHALL** be entered.

**DONE** on this the 25th day of June 2026.


R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

10